**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMARJEET SINGH, | No. 09-73511 |
| Petitioner, | Agency No. A097-102-374 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2013
San Francisco, California

Before: NOONAN and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

Amarjeet Singh ("Singh"), a native and citizen of India, petitions for review

of a Board of Immigration Appeals' ("BIA") decision affirming an immigration

judge's ("IJ") denial of his applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for the Northern District of Texas, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

The BIA found that Singh testified credibly and that he established past persecution attributable to his affiliation with a Sikh political organization. The BIA nevertheless concluded that Singh was not eligible for asylum because the government had rebutted the presumption of a well-founded fear of future persecution by introducing evidence of changed country conditions in India. The factual findings underlying the agency's denial of relief are reviewed under the substantial evidence standard. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008).

The BIA relied largely on evidence indicating that the Sikh militant movement is no longer active in the Punjab and that Sikhs now live in considerable numbers outside of the region. The BIA also identified that Singh had suffered localized problems with the police more than 10 years ago, that he no longer practiced the visible elements of the Sikh religion, and that Singh had testified that the harassment of his family was linked to the motive of taking money from his family by the police. But none of the stated reasons demonstrates that Singh would not be persecuted if he returned to India. In order to find changed conditions, the BIA was required to identify specific improvements in India's conditions occurring

after Singh's persecution and link those improvements to Singh and his ability to return. *See Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir. 2002). Singh credibly testified that, during both of his detentions, the police repeatedly accused him of involvement with militants. Further, his testimony indicates that, even after leaving India more than a decade ago, Singh is the subject of ongoing police interest and that his family continues to endure harassment, motivated "at least in part" on account of his imputed political opinion. *See Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc). As the BIA did not take these circumstances into account or consider that "persecutory conduct may have more than one motive," *Singh v. Ilchert*, 63 F.3d 1501, 1509-10 (9th Cir. 1995), we grant the petition for review and remand Singh's asylum, withholding of removal, and CAT claims for further proceedings consistent with this disposition, *see INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**